HALSTED *vs.* RABB.

1. Where one was employed as clerk or agent to take charge of a mercantile establishment of complainant, who at sundry times furnished invoices of goods, and refused to render an account of sales or of moneys received—the jurisdiction of chancery is undoubted.

2. In agencies, including only a single transaction, such as a consignment of goods, or the delivery of money, to be laid out in the purchase of a particular thing, or to be paid over to a third person,—a suit at law is maintainable, and if a discovery were not desired, such a case would probably be only cognizable at law.

Error to the Circuit court of Conecuh, exercising Chancery jurisdiction.

Bill for discovery.—The bill was on motion of the defendant, dismissed for want of equity; and the plaintiff in error assigned :

1. That the court below erred in dismissing the bill for want of equity.

2. In rendering a plea against complainant for the costs.

*Parsons*, for plaintiff in error.
*Porter*, contra.

GOLDTHWAITE, J.—The decree of the Circuit court, dismissing the complainant's bill for want of equity, cannot be supported. On looking into it, we find it discloses that the defendant was employed as a clerk or agent to take charge of a mercantile establishment, for the be-

nefit of the complainant, who at sundry times furnished invoices of goods, to a considerable amount in value. It alleges that these were sold by the defendant, and have not been fully accounted for by him. That moneys have been received in the business, and not entered on the books, or otherwise accounted for; and charges many other matters which are deemed essential to a complete discovery and settlement of a matter of complicated agency.

It would be difficult to conceive of a matter of account cognizable in equity, if the facts stated in the bill will not authorise the interference of a court of chancery, and support its jurisdiction.

It will not be necessary to refer to individual cases to sustain the jurisdiction, although they are numerous and concurrent; but the rules applicable to cases of this description, may be stated from an elementary author of approved authority: "The most important agencies of this sort, which fall within the cognizance of courts of equity, are those of attornies, factors, bailiffs, consignees, receivers and stewards. In most agencies of this sort, there are mutual accounts between the parties, or if the account is on one side, as the relation naturally gives rise to great personal confidence between the parties, it rarely happens that the principal is able, in cases of controversy, to ascertain his rights, or to ascertain the true state of the accounts, without recourse to a discovery from the agent. Indeed, in cases of factorage and consignments, and general receipts and disbursements of money by receivers and stewards, it can scarcely be possible, if the relation has long subsisted, that very intricate and

Halsted *vs.* Rabb.

perplexing accounts should not have arisen, where, independent of a discovery, the remedy of the principal would be entirely nugatory, or grossly defective. It would be rare, if specific sales and purchases, and the charges growing out of them, could be ascertained, and traced out with any reasonable certainty; and still more rare, that every receipt and disbursement could be verified by direct and positive evidence"—(1 Story's Equity, 443.)

The bill charges, that the defendant was entrusted with the entire management of the business for about two years. It cannot be supposed, that the complainant could, by the use of any means in his power, trace out and identify all the sales and receipts which must have taken place during this period, and to deny him the aid of a court of equity in taking this account, is to deny him relief in any tribunal. In agencies of a single transaction, such as a single consignment, or the delivery of money, to be laid out in the purchase of any particular thing, or to be paid over to a third person, a suit at law would be maintainable, and if a ground for equitable jurisdiction was not laid, by reason of a discovery being wanted, it is perhaps the better opinion, that such a case would be cognizable alone at law—(Porter vs. Spencer, 2 Johns. Chan. R. 171.)

In the present case, the complication of accounts incident to the transaction of business of the description stated in the bill, combined with the relationship of agency, is sufficient to support the jurisdiction of a court of equity.

Let the judgment be reversed, and the case remanded for further proceedings.