The Nassau Gas-Light Company, Appellant, *v.* The City of Brooklyn et al., Respondents.

The provision of the act of 1880 providing " for raising taxes for the use of the State upon certain corporations," etc. (§ 3, chap. 542, Laws of 1880) which excepts from the operation of the act " manufacturing corporations carrying on manufacture within this State," is not limited to corporations organized under the General Manufacturing Act, but includes all corporations, under whatever law incorporated, whose chief and principal business is the manufacture and sale of artificial products.

A corporation organized under the act authorizing the formation of gas-light companies (Chap. 37, Laws of 1848), and which is engaged in manufacturing and supplying illuminating gas, is a manufacturing corporation within the meaning of said provision.

Accordingly *held*, that the provision of said act (§ 8), which exempts from other taxation all corporations liable to be taxed under the act did not apply to a gas-light company.

(Argued June 1, 1882; decided June 13, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 12, 1881, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Mem. decision below, 25 Hun, 567.)

This action was brought to restrain the collection of a tax assessed by the board of assessors of the city of Brooklyn upon the capital stock and personal property of the plaintiff.

The material facts are stated in the opinion.

*Winchester Britton* for appellant. Statutes should be interpreted according to the most natural and obvious import of their language without resorting to subtle or forced construction for the purpose either of limiting or extending their operation. Courts cannot correct supposed errors or omissions of the legislature. (*Waller* v. *Harris*, 20 Wend. 561; *McCloskey* v. *Cromwell*, 11 N. Y. 601; *Beebe* v. *Griffin*, 14 id. 244; *Jackson* v. *Lewis*, 17 Johns. 475; *People* v. *R. R. Co.*, 13 N. Y. 78.)

*John A. Taylor* for respondents.   The appellant is still subject to taxation for city and county purposes, notwithstanding the exemption contained in the eighth section of chapter 542 of Laws of 1880.   (*People, ex rel. The Westchester F. Ins. Co.*, v. *Davenport*, 25 Hun, 630.)

FINCH, J.   We are asked to say that the Nassau Gas-light Company is not a manufacturing corporation within the meaning of the exception contained in section 3 of chapter 542 of the Laws of 1880.   The company was incorporated under the act of 1848, chapter 37, entitled "An act to authorize the formation of gas-light companies."   By its certificate, filed in accordance with the provisions of that act, it states the purpose and object of its organization to be that " of manufacturing and supplying gas," etc.; and as matter of fact, it is found that ever since its organization it has been engaged in such manufacture and supply.   Its own declaration, and the fact established and found, show it to be a manufacturing corporation.

It is said, however, that the corporations excepted under that designation in the act of 1880 are only those formed under the General Manufacturing Act of 1848.   But there is no reference to the latter act.   It is not mentioned or described.   The corporations excepted are accurately designated apart from any such reference, and its consequent limitation.   And we are reminded that corporations organized in other States, those formed under the original act of 1811, and under the later enactment relating to business corporations, although engaged in manufactures, and within the evident definition of the act of 1880, so far as its exceptions are concerned, would be excluded from such exceptions if the appellant's construction should be adopted.   We can see no just reason for interpreting the words "manufacturing corporations" in any other than their usual and ordinary sense, and as relating to all companies, under whatever law incorporated, and by whatever general name, whose chief and principal business is the manufacture and sale of artificial products.

But it is said again that illuminating gas is not such artifi-

cial product, but a bounty of nature, imprisoned in coal, and needing only to be set free; and we are asked to take judicial notice of that fact. It has not been proved; it is contradicted by the admission of the plaintiff's certificate describing the character of its business; and also by the express finding of the trial court. To invoke judicial notice against proven facts would make the judge independent of the evidence. But if our general knowledge, not perhaps precisely accurate or scientific, could be properly brought into the discussion, it would harmonize with the facts established without it. Such common understanding is, that the illuminating gas furnished to our streets and dwellings, as furnished and used, is not a mere natural product, but an artificial combination and modification of several. The process is aptly described as a destructive distillation of coal. The illuminating gas of the richer cannel or caking coals, by itself unfit for use because of imperfect combustion, is ordinarily mingled in definite and ascertained proportions with an excess of non-illuminating gas obtained from poorer coals, or other sources of supply, which serves to dilute and thus utilize and carry the light-giving gas. So that the resultant compound differs widely from each of its constituent elements, but even yet needs to be further modified and changed before it is fit for use. Condensation and washing rid it of certain impurities; a chemical process frees it from others ; it is finally stored in a holder of ingenious construction; transported through pipes having peculiar appliances; and measured out to the consumer through a meter which is the result of considerable inventive skill, but whose accuracy is not always cheerfully admitted. One at all familiar with the ordinary process which ends in the illuminating gas adapted to our use, and with the mechanical devices and operating skill necessary to attain the desired result, cannot be easily convinced that the business of producing it is not properly and accurately described as a manufacture, and the corporation engaged in it as a " manufacturing corporation."

We are clearly of opinion, therefore, that the plaintiff was

within the exception of the act of 1880, and as a consequence properly assessed under the prior statutes.

The judgment should be affirmed, with costs.

All concur, except Tracy, J., absent.

Judgment affirmed.