[No. 12352.    Department One. — January 27, 1888.]

## CHARLES SUTRO, Appellant, v. JOHN P. DUNN, State Controller, Respondent.

Bonds for Indian-war Expenses — Recitals — Notice to Purchaser — Payment — Appropriation by Congress. — A *bona fide* purchaser of bonds issued by the state of California for the loss of property incurred during the suppression of Indian hostilities, which bonds recite their issue in conformity with the act of April 25, 1857, and which are made payable only out of money thereafter to be appropriated by Congress for the payment of such expenses, is charged with notice of all the conditions imposed by the acts of the legislature and of Congress upon the subject of the act of April 25, 1857, and cannot enforce the payment of the bonds until an appropriation therefor has been made by Congress.

Appeal from a judgment of the Superior Court of Sacramento County.

The court found that the bonds in question were issued for the loss and destruction of the property of A. L. Pardee during the Indian war. The further facts are stated in the opinion of the court.

LXXIV. Cal.—38

*McKune & George,* for Appellant.

By any fair interpretation of legislative intent, as indicated in the acts of 1857 and 1861, the funds which should thereafter come into the state treasury, under any congressional act passed to recompense the state for its liabilities under the acts of 1857 and 1861, should be and were appropriated to the payment of the bonds issued under said acts.   The words " hereafter to be " contained in the bonds crept into them because the form before the passage of the congressional law required it.   But as to bonds issued after March 2, 1861, whether for services or property destroyed, such words in the bond should be rejected as surplusage.   (*Sprague* v. *Edwards,* 48 Cal. 239.) The bonds in suit do not purport to have been issued for property damaged, but do recite they were issued in conformity to act of April 25, 1857, and therefore plaintiff was not required to go behind the face of the bond and ascertain what was the exact condition.   (*Cromwell* v. *County of Sac,* 96 U. S. 57; *Murray* v. *Lardner,* 2 Wall. 110; *A. C. C.* v. *Beal,* 113 U. S. 227; *Knox* v. *Aspinwall,* 21 How. 539; *Royal B. B.* v. *Turquand,* 6 El. & B. 327; *Moran* v. *Miami Co.,* 2 Black, 732; *Mercer* v. *Hackett,* 1 Wall. 83; *Supervisors* v. *Schenck,* 5 Wall. 784; *Meyor* v. *Muscatine,* 1 Wall. 384: Dillon on Municipal Corporation, 419; *St. Jo Tp.* v. *Rogers,* 16 Wall. 644; *Bissell* v. *Jeffersonville,* 24 How. 287; *Town of Venice* v. *Murdock,* 92 U. S. 494; *Town of Coloma* v. *Eaves,* 92 U. S. 489; *Louisiana* v. *Pilsbury,* 105 U. S. 278; *Meyer* v. *Brown,* 65 Cal. 590.)

*Attorney-General Johnson,* for Respondent.

The award of $229,987.67 to the state of California, under the act of Congress approved March 2, 1861, was for the payment of expenses incurred for personal services, supplies, and transportation in certain expeditions against hostile Indians in this state.   Under said act, Congress did not appropriate any money for the destruc-

tion of property, but only for the purposes therein specified, and the plaintiff and appellant in this case, when purchasing the bonds in controversy, was bound to know this. In the act of Congress there is not a word said about destruction of property, or of an appropriation for destruction of property. The findings show that these bonds were issued for loss and destruction of property of A. L. Pardee, and not for the services of volunteers, nor for supplies, transportation, nor personal services. (12 U. S. Stats. at Large, 199.) The bonds are payable only on a contingency which has never happened. The element of uncertainty enters into them, as Congress may never make the appropriation, and they are only payable out of a particular fund. They are therefore not negotiable. (Civ. Code, sec. 3088; *Brooks* v. *Hargreaves*, 21 Mich. 255; *Capron* v. *Capron*, 44 Vt. 412; *Ubsdell* v. *Cunningham*, 22 Mo. 124; *Jordan* v. *Tate*, 19 Ohio St. 586; *Works* v. *Hershey*, 35 Iowa, 340; *Ernst* v. *Steckman*, 74 Pa. St. 13; 15 Am. Rep. 542; *Walker* v. *Woolen*, 54 Ind. 164; 23 Am. Rep. 639; *Gardner* v. *Barger*, 4 Heisk. 669; *Palmer* v. *Hummer*, 10 Kan. 464; 15 Am. Rep. 353; *Crooker* v. *Holmes*, 65 Me. 195; 20 Am. Rep. 687; *Wadlington* v. *Covert*, 51 Miss. 631; *Averett* v. *Booker*, 15 Gratt. 165; 76 Am. Dec. 203; *Richardson* v. *Carpenter*, 46 N. Y. 661; *Worden* v. *Dodge*, 4 Denio, 159; 47 Am. Dec. 247; *Corbett* v. *State*, 24 Ga. 287; *Harriman* v. *Sanborn*, 43 N. H. 128; *Munger* v. *Shannon*, 61 N. Y. 256; Daniel on Negotiable Instruments, sec. 50.)

PATERSON, J.—This is a special proceeding to compel the defendant, Hon. J. P. Dunn, controller, to draw a warrant in favor of plaintiff for the sum of $4,172.56 upon the Indian-war-bond fund for the payment of certain bonds, all of which are in the following form:—
"No. 813.                                              $1,000.

"Bond of the state of California for war indebtedness, in conformity with an act authorizing the treasurer of

state to issue bonds in payment of the expenses incurred in the suppression of Indian hostilities in certain counties in this state, approved April 25, 1857.

" The state of California promises to pay to the order of the governor thereof the sum of one thousand dollars, to be paid only out of any money hereafter to be appropriated by Congress for the payment of such expenses. This bond is transferable by assignment by the owner thereof, or by his attorney in fact.

" In testimony whereof, the treasurer, controller, and governor have respectively signed, countersigned, and indorsed these presents, and the governor has caused the seal of the state to be affixed hereto this twenty-first day of May, A. D. 1862.          D. R. ASHLEY, Treasurer.

" G. R. WARREN, Controller."

Indorsed:—

(Seal)                    "LELAND STANFORD, Governor.
" Issued to A. L. Pardee.          Certificate 1238."

The plaintiff is an innocent purchaser for value from Pardee,—so far as legal or mercantile innocence can be considered in connection with such instruments. The court found that he purchased without notice of any defects or infirmity in said bonds other than those disclosed by the terms thereof, and by the several statutes of the state of California and the act of Congress mentioned herein; namely, Stats. 1857, p. 262; Stats. 1861, pp. 298, 409; Stats. 1862, pp. 181, 329; Stats. 1863, p. 399; Stats. 1867–68, p. 601; Act of Congress, 12 Stats. at Large, 1861, p. 199.

The statements in the bonds put the purchaser upon inquiry, and he took them subject to all defects therein, and subject to all the conditions imposed by the acts of the legislature and of Congress upon the subject referred to in the act of April 25, 1857.  (Civ. Code, sec. 3088; *Cagwin* v. *Hancock*, 84 N. Y. 532; *Craig* v. *Andes*, 89 N. Y. 409; Daniel on Negotiable Instruments, secs. 34, 52, 437; *Nevada Bank* v. *Steinmitz*, 64 Cal. 314.)

It appears from the face of the bonds that payment was dependent entirely upon the condition that Congress should make an appropriation therefor. This contingency has never occurred. No fund of the state has ever been pledged for their payment. The bonds are dated May 21, 1862. Congress has not made any appropriation for the payment of claims for the destruction of property. No fund has been created in any way out of which such losses can be paid. The only provision ever made by Congress is that found in the terms of the act of March 2, 1861, "for payment for services of volunteers, and for supplies, transportation, and personal service furnished or rendered to said volunteers." The purchaser knew — or was bound to know — that under the statute bonds could issue for the purposes only: 1. For services, etc.; 2. For the destruction of property. He was charged with the knowledge that the bonds could be paid only out of such appropriations as Congress might make therefor. Congress has made an appropriation for the payment of the first class of debts or obligations mentioned, but has made no provision for the payment of the second class. Respondent cannot be compelled to draw a warrant for the payment of the bonds set out in the petition until a fund for the payment thereof has been created by Congress.

Judgment affirmed.

TEMPLE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.