### UNITED STATES v. HILL et al.

(Second Division. Nome. March 22, 1913.)

Nos. 932, 933.

1. LICENSES (§ 11*)—BOTTLING WORKS—BREWERIES.

An information was filed against the defendants for violation of the license law in failing to take out a license for "bottling works," under section 460 of the Code of Criminal Procedure. The defendants had obtained a license under that section for conducting the business of "breweries," and only bottled the beer charged in the information in their brewery and as manufactured therein by them. *Held*, the bottling of the beer in the brewery was included in their license to conduct the brewery business. Information dismissed.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 18–20; Dec. Dig. § 11.*]

<hr>

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

2. LICENSES (§ 11*)—BOTTLING WORKS—MANUFACTURING PLANT.
    Persons engaged in making and bottling soda water, ginger ale, pop, and other beverages, commonly known as soft drinks, *held*, to be engaged in "manufacturing" and not in running "bottling works."

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 18–20; Dec. Dig. § 11.*]

On May 20, 1912, two informations were filed by the district attorney (Nos. 932C and 933C), each charging defendants with conducting a bottling works business without first having applied for or obtained a license so to do, as required by the Code of Alaska, § 460. The first information specifically charges the bottling of large quantities of beer, mineral water, etc. The second charges the bottling of numerous bottles of liquid compounds charged with carbonic acid gas.

By stipulation signed by the respective attorneys, agreed statements of facts were submitted to the court, a jury having been waived, and the cases were argued together and submitted. The statement of fact in cause No. 932C reads in part as follows:

"That the defendants as such copartners did, in conducting said brewery, bottle large quantities of beer and malt liquor manufactured by them in said brewery. That said beer is and was bottled in a building separate from the one in which the actual brewery is conducted by said defendants, and that the connection between the said brewery and the building where said beer is bottled conforms to the provisions of section 3354 of the Revised Statutes of the United States, as amended by the act of June 18, 1890 (26 Stat. 161, c. 431 [U. S. Comp. St. 1901, p. 2194]). That the beer manufactured by the defendants in their said brewery is sold by them in bottles and kegs. That the defendants have at no time bottled beer or malt liquor, except such as was manufactured by them in their said brewery."

The statement in case No. 933C reads in part as follows:

"That the defendants, as copartners, as aforesaid, are and were engaged in the business of conducting said brewery, as aforesaid, and also in the business of manufacturing ginger ale, sarsaparilla, and soda waters charged with carbonic acid gas. That, in the manufacture of such liquid compounds charged with carbonic acid gas, it is necessary that the same be placed in hermetic bottles or other receptacles. That, in the manufacture of such liquid compounds

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

charged with carbonic acid gas, the defendants are and have been engaged in placing the same in hermetic bottles and siphons and selling said product when so bottled. That said liquid compounds so charged with carbonic acid gas are manufactured by the said defendants in the same building in the town of Nome, Alaska, where the same are bottled, and that the bottling of the same is done by machinery adapted to the manufacture and bottling of such products. That the defendants have not at any time bottled any product other than that of their own manufacture. That the defendants have not applied for or obtained, and have refused to apply for, a license for the conducting of bottling works."

N. H. Castle, Asst. Dist. Atty., of Nome, for the United States.

O. D. Cochran, of Nome, for defendants.

MURANE, District Judge. The informations and agreed statements raise the following questions: First. Does the placing of the product of a brewery in bottles, for sale and distribution to customers, when done by the person or company operating the brewery, constitute the prosecution of the business of bottling works, within the meaning of section 460 Code of Alaska? Second. Is the making and bottling of soda water, ginger ale, pop, and other beverages, commonly known as soft drinks, a bottling works or a manufacturing business?

Counsel are agreed that the adjudicated cases upon this subject are few, and they were unable to cite any case in point. So the court is left to decide the issues upon general principles of law and such adjudicated cases as it may find which it believes are in point. The language of the statute is "that any person or persons, corporation, or company prosecuting, or attempting to prosecute, any of the following lines of business," naming numerous lines of business, including bottling works. It is prosecuting a line of business that subjects a person to a license charge. Are the defendants conducting a brewing business to which the bottling of the product is incidental, or are they conducting a bottling works to which the brewing business is a mere incident? From the statement of facts it appears very clearly that the business in which defendants are engaged is that of brewing or manufacturing beer; the bottling is one of the means adopted, and perhaps necessary, to con-

veniently place the beer upon the market. A few illustrations will serve to make this point clear. Is the farmer who purchases barrels in which he packs, for the purpose of shipping to market, the pork raised on his farm engaged in the business of farming or that of pork packing? The orchardist who makes the boxes in which he packs and ships his apples will still be an orchardist; the box making would only be incident to the main business. The Consumers' Milk Company of Nome delivers its milk in bottles to its customers; that fact certainly does not change the dairy into a bottling works. It is the prosecuting a business, and not some particular branch of or incident to a business, which requires a license, under our Code.

Then, bearing in mind the well-established principle of law that tax laws and license statutes should be so construed, if possible, as to avoid double taxation, and that the defendants, as appears from the agreed statement, have paid a brewery license of $500, beside internal revenue charges, the reasonable construction to be placed upon section 460 is that it refers to establishments which have as their main business the bottling of products purchased in bulk from breweries, distilleries, wine growers, etc., and that it does not apply to such bottling as appears to have been carried on by defendants.

The second question raised has been practically answered by the Supreme Court of the United States in the case of Murphy v. Arnson, 96 U. S. 131, 24 L. Ed. 773. Where the manipulation of fluids and the materials blending with each other form a union, it is as much a manufacture as where materials are mechanically joined together.

"The various nostrums vended all over the land * * * are manufactures. Beer may well be said to be manufactured from malt and other ingredients, whisky from corn, or cider from apples. The fact that the identity of the original article or articles is lost, and that a new * * * character is assumed, is not material in determining whether, within the popular idea, * * * the article in question is a 'manufacture' from its original elements."

Nitrobenzole is a manufacture from benzole and nitric acid.

For other cases in point defining "manufacture," see Attorney General v. Lorman, 59 Mich. 157, 26 N. W. 311, 60

Am. St. Rep. 287; Beggs v. Edison Electric Illuminating Co., 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; Lamborn v. Bell, 18 Colo. 346, 32 Pac. 989, 20 L. R. A. 241. In the case at bar, at least part of the process of manufacturing is the bottling. A chemical change takes place within the bottle at the time or immediately after the bottle is hermetically sealed.

Under the agreed statement of facts and the oral testimony submitted on the trial, and the above authorities, the conclusion is irresistible that defendants were not conducting a bottling works as charged in the information in cause No. 933C, but were engaged in the business of manufacturing various beverages commonly known as soft drinks.

Let judgment be entered in favor of defendants.