(93 South. 895)

### INDIAN REFINING CO. v. VAN VALKENBURG. (8 Div. 417.)

(Supreme Court of Alabama.   June 29, 1922.)

1. Equity ⬤⟿426—No cross-bill necessary in suit for accounting to authorize relief to defendant.

In a suit for accounting, no cross-bill is necessary to entitle defendant to a judgment if it appears that he is entitled to recover.

2. Principal and agent ⬤⟿78(1)—Confidential relations held to warrant action for accounting where accounts complicated.

That defendant was plaintiff's agent at a certain place for the installment sale of merchandise furnished by plaintiff, and for the deposit of the proceeds thereof and for the payment of expenses and commission according to the terms of a contract, *held* to show confidential relations and the nature of complicated accounts between them, so as to authorize the issue of balance of account and to whom due to be determined by suit for accounting.

3. Courts ⬤⟿99(2)—Complainant can rely on order overruling demurrer as being correct until reversed.

Where defendant's demurrer, in a suit for an accounting, has been overruled either rightfully or wrongfully, complainant has the right to rely on the correctness of the ruling until reversed by adverse decree.

4. Account ⬤⟿1—Suit for accounting not dismissable because no showing of balance in complainant's favor.

The showing of a balance due in complainant's favor is not a condition precedent to a suit for an accounting, since the nature of the suit indicates that the party to whom the balance is due is to be determined.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Bill by the Indian Refining Company against Joe Van Valkenburg for accounting. From a decree denying relief and dismissing the bill, complainant appeals. Reversed and remanded.

Complainant filed its bill against the defendant, alleging a contract between complainant and defendant providing that defendant should sell the products therein described for the complainant, at prices to be fixed by the complainant, the proceeds to be placed in a bank named in the contract to the credit of complainant, and that defendant should receive certain stipulated commissions as compensation. It is averred that during the period of the contract large consignments of oil products were shipped by complainant to defendant, and that defendant has failed to account for large quantities of said products and is indebted to complainant; that the exact amount of said indebtedness cannot be ascertained without an accounting between the parties; and that the

accounts between the parties are numerous and complicated. The bill alleges that relations of trust existed between the parties. The prayer is for a reference to the register and a statement by him of the accounts between the parties.

Defendant demurred to the bill, and, same being overruled by the court, filed answer. The cause was submitted on the bill, answer, and depositions offered by both parties. The court decreed that the complainant was not entitled to relief and dismissed the bill.

David A. Grayson, of Huntsville, for appellant.

Where fiduciary relation is shown, the accounting is a matter of right, and it is not necessary that a balance due complainant be averred. 1 C. J. 635. The bill, averring a fiduciary relation and complicated accounts, had equity. 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; 155 Ala. 509, 46 South. 460; 8 Ala. 743; 57 Ala. 611.

R. E. Smith, of Huntsville, for appellee.

The bill was defective in failing to aver that the matters of which an accounting is sought are peculiarly within the knowledge of defendant, or that complainant has been refused access to records kept by defendant. 1 Encyc. Pl. & Pr. 98; 8 Ala. 743; 57 Ala. 611; 161 Ala. 509, 50 South. 77, 136 Am. St. Rep. 156. The evidence failing to make out a prima facie case that defendant owed complainant any sum, no reference was necessary. 1 Encyc. Pl. & Pr. 102; 1 C. J. 629; 1 R. C. L. 225; 126 N. C. 320, 35 S. E. 588; 128 N. C. 366, 38 S. E. 908, 83 Am. St. Rep. 685; 6 Hill (N. Y.) 373, 41 Am. Dec. 750.

THOMAS, J. [1] The suit was for accounting, and no cross-bill was required to be filed by respondent. Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186; Id. 207 Ala. 303, 92 South. 789.

The grounds of equitable jurisdiction on which the bill was rested are the fiduciary relations existing between the parties, and unliquidated mutual accounts that were so complicated as to require the aid of a chancery court in the ascertainment of the balance due thereon and to whom due. Julian v. Woolbert, 202 Ala. 530, 81 South. 32.

Appellant's counsel says that, as he understands the "issues raised by the bill, the indebtedness vel non of defendant is not directly in issue in this cause on application for a reference"—that the primary issue is that of the relationship of the parties and the complication of mutual accounts, making it necessary to ascertain the balance and to whom due by a reference. The mere filing of a bill for accounting implies that there were items on both sides, that the balance is uncertain, and that the true amount and to whom due must be ascertained by the court or by the register on reference. Grand Bay Land Co. v. Simpson, supra. The theory of such a bill, and the reason for the exception of allowance of affirmative relief to a respondent in such a bill on his answer and without a cross-bill, are that such a bill is for discovery of the balance due upon and the settlement of an unliquidated and mutual account between the parties requiring the aid of a court of equity. Grand Bay Land Co. v. Simpson, supra; Hamilton v. Terry Fur. & Loan Co., 206 Ala. 622, 91 South. 489.

[2] The plaintiff being the principal and defendant its agent at Huntsville for the installment sale of merchandise and the deposit of proceeds thereof, and for payment of expenses and commissions in the manner indicated by the contract exhibited, shows confidential relations of the parties and the nature of complicated accounts between them in the conduct of their mutual business, and under such facts the law authorized the issue of the balance of account and to whom due to be ascertained by such suit.

[3, 4] The demurrer to the bill was overruled by one of the judges of the court. Whether rightfully or wrongfully the complainant had the right to rely on the correctness of that ruling until reversed by adverse decree. There was equity in the bill, and it should not have been denied without an accounting on the evidence showing the confidential relation and the existence of mutual unliquidated accounts. That the balance was not shown to have been in favor of complainant was not required as a condition precedent to a decree of reference to the register, when the exact and true status of the account could be ascertained, reported to the court, and embraced in a decree thereon.

The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.