## DORROUGH et al. v. MT. PLEASANT FERTILIZER CO. (6 Div. 960.)

(Supreme Court of Alabama.   Jan. 17, 1924.)

1. **Principal and agent** ⊚═78(1)—**Equity jurisdiction for accounting not given by bare relation.**

The bare relation of principal and agent would not give equity jurisdiction of a bill for accounting; but it would be necessary that the amount collected by the agent be unknown to the principal, and lie peculiarly within the agent's knowledge.

2. **Account** ⊚═17(1)—**Adequacy of action of assumpsit not negatived by allegation that amount in excess of certain sum is unknown.**

Equity of bill for accounting, which is merely a suit to collect from a bank money received by it from complainant's agent, which was in law as well as in equity complainant's property, and which the bank unlawfully appropriated to its own use or unlawfully withholds, is not saved by allegation that the amount in excess of a certain sum is unknown to complainant; it not negativing adequacy of action in general assumpsit.

3. **Discovery** ⊚═19—**Bill must seek and show necessity for discovery.**

It is fatal to the equity of a bill as one for discovery that it does not show necessity for nor seek discovery.

4. **Discovery** ⊚═6—**Creditor's lack of knowledge of amount due no basis for discovery.**

That complainant does not know the actual amount due him from a bank, because of it having received from complainant's agent money belonging to complainant and unlawfully appropriating it to its own use, does not supply the necessary basis for relief by discovery; any amount recoverable being matter merely of proof, without any complication or difficulty. and it being permissible for the complaint at law to claim enough and to be amended to fit the evidence.

Appeal from Circuit Court, Cullman County; James E. Horton, Jr., Judge.

Suit by the Mt. Pleasant Fertilizer Company against C. W. Dorrough and others. From a decree overruling demurrer to the bill, respondents appeal. Reversed, rendered, and remanded.

The bill in this cause was filed by the appellee, Mt. Pleasant Fertilizer Company, against the appellants, C. W. Dorrough and the Alabama Bank & Trust Company, praying for an accounting from the respondent the Alabama Bank & Trust Company, and for personal judgment against said bank and the said Dorrough for the money of complainant appropriated by said bank to its own use.

The facts as shown by the averments of the bill are: That during the year 1921 the appellant, C. W. Dorrough, purchased fertilizers from the appellee Mt. Pleasant Ferti-

lizer Company, executing his three promissory notes for the amount of fertilizer so purchased, which the bill avers to be $4,605.80, and delivered to the appellee certain farmers' notes given for fertilizers, which said Dorrough had sold to his customers, as collateral security to secure the payment of the three notes executed by said Dorrough for said fertilizer. That before the maturity of said notes these collateral notes were redelivered to Dorrough for collection, and that he collected thereon the sum of $2,409.07, and deposited this money in the Alabama Bank & Trust Company to the credit of C. W. Dorrough. C. W. Dorrough was indebted to the Alabama Bank & Trust Company in an amount in excess of said deposit, which indebtedness was evidenced by notes which were past due. The bank appropriated said sum of $2,409.07 to the payment of these past-due notes. The bill avers that this was done with notice or knowledge by the bank that the money belonged to the Mt. Pleasant Fertilizer Company. After said deposit was made in the bank, C. W. Dorrough issued his check payable to the Mt. Pleasant Fertilizer Company for $2,409.07 and forwarded the same to the company at Mt. Pleasant, Tenn. This check was deposited in the bank and sent to the Alabama Bank & Trust Company for payment, which payment was refused and the check protested.

Complainant's delivery of the notes to Dorrough for collection was upon the express agreement that Dorrough should make the collections as agent for complainant, and that all money so collected was to be and remain the property of complainant, and was to be delivered to it.

As to the amount of these collections appropriated by respondent bank, the allegation is that—

"The correct amount * * * is to your orator unknown, but your orator avers that it amounted to a sum equal to or in excess of $2,409.07."

The prayer is for—

"an accounting from the respondent bank for all money received by it from Dorrough and belonging to your orator (and representing the collections on the notes referred to); and for a decree holding the bank liable therefor; and for a personal decree against both of the respondents for the amount of such collections so deposited and converted."

The respondents separately demurred to the bill for want of equity, and upon various other grounds, in particular, that the allegations of the bill make no case for an equitable accounting, and that complainant's remedy at law is adequate.

The demurrer was overruled, and respondents appeal from that decree.

F. E. St. John, of Cullman, for appellants.

The essentials of a bill for accounting are that the remedy at law is inadequate. Phil-lips v. Birmingham Ind. Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; Friedman v. Frazer, 157 Ala. 191, 47 South. 320; Yellow Pine Export Co. v. Southerland-Innis Co., 141 Ala. 664, 37 South. 922; Lindsey Lbr. Co. v. Mason, 165 Ala. 194, 51 South. 750; Chrichton v. Hayles, 176 Ala. 223, 57 South. 696. Or the accounts complicated. Reilly v. Woolbert, 196 Ala. 191, 72 South. 10; Hulsey v. Walker County, 147 Ala. 501, 40 South. 311; Oden v. Lockwood, 136 Ala. 514, 33 South. 895; Pollak v. Chaflin Co., 138 Ala. 644, 35 South. 645; Terrell v. So. R. R. Co., 164 Ala. 423, 51 South. 254, 20 Ann. Cas. 901. Or a discovery in equity must be needed. Kirkman v. Vanlier, 7 Ala. 217; Avery v. Ware, 58 Ala. 475; Tecumseh Co. v. Camp, 93 Ala. 572, 9 South. 343. Complainant has an adequate remedy at law. Bains v. Price, 207 Ala. 337, 92 South. 447.

Tennis Tidwell, of Albany, and Mitchell & Hughston, of Florence, for appellee.

Complainant's remedy at law is inadequate, an accounting is necessary, and demurrer to the bill was properly sustained. Bank of Guntersville v. Crayter, 199 Ala. 599, 75 South. 7, L. R. A. 1917F, 460.

SOMERVILLE, J. [1] If this were a bill for an accounting from the respondent for the amounts collected by him under the circumstances shown by the bill—the amount of the collections being unknown to complainant and lying peculiarly within the knowledge of Dorrough—it would no doubt present a case of equitable cognizance. Phillips v. Birmingham Ind. Co., 161 Ala. 509, 50 South. 77, 135 Am. St. Rep. 156; Halsted v. Rabb, 8 Port. 63. But, as declared in the Phillips Case, the bare relation of principal and agent would not give jurisdiction to a court of equity.

[2] However, the accounting here sought is from the respondent bank—neither an agent nor a fiduciary. The bill is merely a suit for the collection of a sum of money received by the bank from complainant's agent, which was in law as well as in equity the property of complainant, and which the bank unlawfully appropriated to its own use, or unlawfully withholds.

There is no allegation in the bill which makes a case for equitable intervention, or negatives the adequacy of the remedy at law by an action of general assumpsit. The equity of the bill is not saved by the allegation that the amount received by the bank is equal to, or in excess of, $2,409.07, and the amount in excess of that sum is unknown to complainant.

[3, 4] This does not show any necessity for discovery, nor is any discovery sought—omissions fatal to the equity of the bill as a bill for discovery. Beggs v. Edison, etc., Co., 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94. Nor, indeed, can the mere fact that a credi-

tor does not know the actual amount that is due him in a case like this supply the necessary basis for relief by discovery. Dargin v. Hewlitt, 115 Ala. 510, 516, 22 South. 128. The reason for this is that in an action at law any amount may be claimed sufficiently large to cover the maximum amount recoverable, or the complaint may be amended at any stage to fit the evidence; and the amount here recoverable, if any, is a matter merely of proof without any complication or difficulty whatever. Terrell v. So. Ry. Co., 164 Ala. 423, 441, 51 South. 254, 20 Ann. Cas. 901.

The principles upon which the equity jurisdiction for accounting is grounded have been often declared, and need not be restated. Pollak v. Claflin, 138 Ala. 644, 35 South. 645; Hulsey v. Walker County, 147 Ala. 501, 40 South. 311; Chrichton v. Hayles, 176 Ala. 223, 57 South. 696; Beggs v. Edison Co., 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94.

On the showings of the bill we think the complainant has an adequate remedy at law, and that the bill is subject to the demurrer for want of equity.

Appellee relies on the case of Bank of Guntersville v. Crayter, 199 Ala. 599, 75 South. 7, L. R. A. 1917F, 460. The report of that case does not show what were the allegations and prayer of the bill, though it appears that the complainant's claim against the respondent bank grew out of transactions substantially like those here presented. But no question was raised as to the equity of the bill; the review on appeal being limited to the correctness of the trial court's decree on the facts, under the legal principles applicable. That case is therefore of no value as an authority here.

We hold that the decree of the circuit court overruling the demurrer was erroneous, and must be reversed; and a decree will be here rendered sustaining the demurrer to the bill for want of equity.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.