(110 So. 299)

**WALTHALL v. ANDERSON.  (2 Div. 897.)**

(Supreme Court of Alabama.  Nov. 18, 1926.)

1. Joint adventures ⬤═5(2)—Bill alleging that defendant and another, whose interest plaintiff had bought, had purchased tract of land, subdivided it, and sold numerous small parcels, held to state case for accounting.

Pleading that defendant and another had jointly purchased a tract of land, that defendant's partner, having full control, had subdivided it and sold numerous small parcels, receiving full payment for some and part payment, with balance secured by mortgages, for others, that in doing so he had incurred expenses, that plaintiff had purchased the interest of such person, and praying for an accounting and settlement with defendant, *held* to state a case for accounting.

2. Account ⬤═17(1)—Mere general charge that account is voluminous and complicated will not give equity jurisdiction.

Mere general and vague charge that account between parties is voluminous and complicated will not give equity jurisdiction of bill for accounting.

Appeal from Circuit Court, Hale County; H. F. Reese, Judge.

Bill in equity by William H. Anderson against Thomas A. Walthall, Jr. From the decree, defendant appeals. Affirmed.

Thos. E. Knight, of Greensboro, for appellant.

The bill fails to meet the requirements as respects bills for an accounting, and the demurrer should have been sustained. Hulsey v. Walker County, 147 Ala. 501, 40 So. 311; Pollak v. H. B. Claflin Co., 138 Ala. 644, 35 So. 645; Julian v. Woolbert, 202 Ala. 530, 81 So. 32.

R. B. Evins, of Birmingham, for appellee.

A court of equity has jurisdiction to state an account, whenever its items are so numerous and involve such complicated calculations as would be beyond the average jury. Chrichton v. Hayles, 176 Ala. 223, 57 So. 696; Kirkman v. Vanlier, 7 Ala. 217.

### Statement of the Case.

SAYRE, J.  Appellee's bill avers that defendant, Thomas A. Walthall, Jr., together with one G. S. Anderson, purchased a tract of land for which they paid in part and "negotiated a loan for the balance of the purchase price"; that G. S. Anderson had full control and management of the property, divided it into blocks and plots for sale, sold the greater part of the land in numerous small tracts, viz., 40, receiving in some cases the entire purchase price, in others a part only, the balance being secured by mortgage, some of which have been foreclosed, while others have been paid in part. Rents were collected for some of the land before its resale. Expenses were incurred in the plotting and sale of the land. Complainant subsequently purchased the interest of G. S. Anderson in the land, together with all mortgages, liens, and other evidences of debt growing out of the transactions mentioned above, but knows nothing of the details. Complainant prays for an accounting and a settlement with defendant.

Defendant's demurrer to the general effect that the bill did not sufficiently state a case for an accounting was overruled, and from that decree defendant appeals.

### Opinion.

[1, 2] The court is of the opinion that the averments of the bill, which are set out in short above, disclose a case in which the court should afford the relief sought by complainant. They show a case of complicated account, the balance of which depends upon debits and credits which have not been adjusted between the parties. We recognize the rule that where a bill contains a mere general and vague charge that the account between the parties is voluminous and complicated and such general averment is inserted merely to bring the case within the jurisdiction of equity, the court will not entertain the bill. Beggs v. Edison Co., 96 Ala. 299, 11 So. 381, 38 Am. St. Rep. 94. The present bill, we think, discloses a case of material and substantial complication with items of debit and credit sufficiently invoking the jurisdiction

of the court. Kirkman v. Vanlier, 7 Ala. 217; Chrichton v. Hayles, 176 Ala. 223, 57 So. 696.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.