160 So. 227

## HYATT et al. v. INTERNATIONAL AGRICULTURAL CORPORATION.

### 8 Div. 587.

Supreme Court of Alabama.

March 21, 1935.

D. Isbell, of Guntersville, for appellants.

Claud D. Scruggs, of Guntersville, for appellee.

GARDNER, Justice.

Complainant first filed its suit at law against these three defendants seeking recovery on six promissory notes. Numerous pleas were interposed, all made exhibits to the bill. Complainant thereafter filed petition for removal of the cause to the equity docket, and, upon the same being granted, the present bill was presented.

Defendants insist the bill is without equity, and have prosecuted this appeal from the decree overruling their demurrers thereto.

The consideration for the notes was commercial fertilizer which defendants resold to the farmers. Defendants pleaded that the fertilizer was worthless; plaintiff had no proper license for its sale, and had not complied with the law as to registration; that some of the fertilizer was not tagged with the Alabama tag tax, and some did not have the analysis tag printed on the sack; that the fertilizer contained less than 16 per cent. plant food; and that the bags contained less than one hundred pounds of fertilizer, and plant food less than that shown by the analysis tag. In addition to these pleas, defendants pleaded usury, payment, set-off, and recoupment; that plaintiff was indebted to them for money had and received, for work and labor done, and for breach of agreement whereby complainant was to collect certain notes executed by the farmers for the fertilizer; and that by complainant's lack of diligence they were not collected and had to a large extent become uncollectable.

The bill discloses that the matters involved are matters of account, the items, as to each of the parties, being numerous, that is, there were a number of purchasers and shipments and a number of notes given by purchasers and various collections on such notes by defendants, which notes were the property of complainant, but by agreement were to be collected by defendants and to be credited, some of which notes were paid to complainant, some paid to defendant for which remittance was made, and some not so remitted, and others collected by the Bank of Arab and remitted to complainant.

The bill's averments are also to be considered in connection with the exhibits thereto disclosing the claim of indebtedness of complainant to defendants as set out in their pleas, indicating the existence of mutual accounts between the parties (Phalin v. Dearman, 181 Ala. 320, 61 So. 941), and some of the allegations tend also to show a trust relation, and defendants' liability to an accounting in equity growing out of such relationship, as for instance money collected by defendants on notes, the property of complainants, for which no remittance was made. Patton v. Darden, 227 Ala. 129, 148 So. 806. The bill charges that the matters involved are matters of account, and the items composing the same on each side are numerous.

Giving due consideration to all the bill's averments in connection with the exhibits thereto, we are persuaded the remedy at law is inadequate and that the matters of controversy can be more expediently and satisfactorily adjusted by a court of equity. As observed in Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806, on questions concerning a complicated account, the facts of each particular case should govern, and if it is doubtful whether adequate relief could be obtained at law, equity should entertain jurisdiction.

In the instant case, coupled with this phase of the bill, are the other matters of mutuality of account, and trust relationship, to which reference has been made. There is equity in the bill, and the demurrer was properly overruled. Indian Refining Co. v. Van Valkenburg, 208 Ala. 62, 93 So. 895; Tolleson v. Henson, 207 Ala. 529, 93 So. 458; Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Boriss Const. Co. v. Deasey, 212 Ala. 528, 103 So. 470; Smith & Sons v. Securities Co. of Am., 198 Ala. 493, 73 So. 892; Phalin v. Dearman, supra; Patton v. Darden, supra.

We have examined the cases noted by defendants (among them Price v. Hall, 226 Ala. 372, 147 So. 156; Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; Stone v. Burgeson, 215 Ala. 23, 109 So. 155; Beggs v. Edison Elec. Illum. Co., 96 Ala. 295, 11 So. 381, 38 Am. St. Rep. 94; Walthall v. Anderson, 215 Ala. 264, 110 So. 299), but find nothing in them that militates against the conclusion reached.

Defendants' counsel insist that following the petition for removal he withdrew certain pleas—those relating to recoupment and set-off—but consideration here is, of course, confined to the averments of the bill in connection with exhibits thereto. Moreover, as to whether or not any pleas withdrawn could successfully be reinterposed, is a matter of speculation. At least, their interposition served to illustrate somewhat the nature of the controversy and the claims of the respective parties.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.