177 So. 343

## CAMP v. ROANOKE GUANO CO.

5 Div. 256.

Supreme Court of Alabama.

Dec. 2, 1937.

Rutherford Lapsley, of Anniston, and H. T. Burns, of Wedowee, for appellant.

**62**

D. R. Boyd, of Roanoke, and Denson & Denson, of Opelika, for appellee.

FOSTER, Justice.

The bill in this case seeks a discovery and accounting by a principal against his alleged agent. It alleges an agency agreement by which respondent agreed to sell fertilizers to consumers as agent for complainant, and to make collections for such sales and remit the amounts so collected to complainant. It does not allege whether the contract of agency was in writing or whether there was any consideration to the agent.

It is consistent with the bill to assume that the contract was verbal and without consideration.

The bill then alleges that respondent as such agent sold a large amount of fertilizer, aggregating $3,780.84, and has made collections and some remittances to complainant, leaving a large sum not paid, and whether the agent has collected the balance, and the amount of such balance, and the persons who owe the same, are not known to complainant, and respondent has refused to inform him or let him examine the respondent's books showing such facts; and complainant has no practical means of obtaining such information, except from respondent himself.

■ It is objected that the bill is without equity. But we think it conforms to the requirements of law as declared by this court. Phillips v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77, 135 Am.St. Rep. 156; Dorrough v. Mt. Pleasant Fertilizer Co., 210 Ala. 530, 98 So. 735; Hyatt v. International Agri. Corporation, 230 Ala. 153, 160 So. 227.

■ If respondent collected money as agent for complainant, and refuses to account for it, it is wholly immaterial whether there was a consideration for his services or not, or whether the contract was verbal or in writing.

■ This is not a suit for damages for the breach of a contract, or for the failure to exercise such diligence or perform the acts stipulated to be done by the contract. If one gratuitously promises to act as agent for another and has undertaken its performance, he is responsible for what he has done or undertook to do, although there was a want of mutuality of contract, and must account to the principal in so far as he has acted under the contract. 2 Corpus Juris Secundum, Agency, 1043; 2 Am.Jur. p. 220, § 275; Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231; Am.Law Restatement, Agency, §§ 378, 379.

■ The rules of pleading the terms of such an agency contract, showing whether it is in writing, based upon a consideration, and mutually binding, which have application in a suit at law for its breach, have no field of operation in a suit in equity upon a bill such as is here involved.

■ If there is any feature of the contract on which respondent may predicate a defense he can set it up in his answer; but the bill need not extend into detail in that respect.

It shows sufficient facts to invoke equitable relief, a discovery, and accounting by an agent who has undertaken to perform the contract of agency.

We think the demurrer was properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.