32 So.2d 891

**ELECTROLUX CORPORATION v. IVERSON.**

**I Div. 313.**

Supreme Court of Alabama.

Dec. 18, 1947.

Armbrecht, Inge, Twitty & Jackson,. Thos. E. Twitty and Richard H. Inge, all. of Mobile, for appellant.

McAleer, Langan & Gaston and Albert S. Gaston, all of Mobile, for appellee.

FOSTER, Justice.

This is a bill for an accounting filed by appellee as a sales agent for appellant on account of an amount claimed as compensation on the basis of commissions agreed on.

It seems to be based on the theory that the equitable remedy of accounting is available for such a claim by an agent against his principal. The theory is that on account of the confidential relations existing between an agent and his principal, equity will take jurisdiction, although it would not do so without the existence of that relation, or some other equitable right is invoked in which an accounting is an incident, or unless there exists such complication or mutuality of accounts as would alone support its equity. We have recently again referred to the principles which control. Doss v. Williams, 249 Ala. 565, 32 So.2d 221. They are so familiar they need not be here repeated.

■ It is often stated that confidential relations will support a bill for an accounting. Sometimes the relation of principal and agent is of the sort which brings into existence a status justifying an equitable accounting. But such status not accompanied with the existence of confidence as implied in the principle of confidential relations is not sufficient for that purpose. Crothers v. Lee, 29 Ala. 337; Phillips v.

Birmingham Industrial Co., 161 Ala. 509, 50 So. 77, 135 Am.St.Rep. 156; Dorrough v. Mt. Pleasant Fer. Co., 210 Ala. 530, 98 So. 735; 3 Corpus Juris Secundum, Agency, § 297; McLeod v. Gaither, 94 Fla. 55, 113 So. 687.

Illustrations of the circumstances showing such confidential relations between principal and agent as will support a bill for accouting in equity may be found in Phillips v. Birmingham Industrial Co., supra; Halsted v. Rabb, 8 Port. 63; Hall v. McKellar, 155 Ala. 508, 46 So. 460.

■ Illustrations of circumstances showing a right to an accounting in equity between principal and agent on account of the complication of accounts, or that infor mation of the matters necessary to an accounting is peculiarly in the possession of defendant and cannot be otherwise proven, or are complicated or mutual, may be found in Camp v. Roanoke Guano Co., 235 Ala. 61, 177 So. 343; Hyatt v. International Agr. Corporation, 230 Ala. 153, 160 So. 227; Julian v Woolbert, 202 Ala. 530, 81 So. 32.

■ The bill in the instant case makes no allegation sufficient to invoke the remedy of an equitable accounting between principal and agent. That relation alone does not import confidence in an equitable sense, and, as we have said, is not sufficient to support such a bill against demurrer raising the question. Dorrough v. Mt. Pleasant Fer. Co., supra; Phillips v. Birmingham Industrial Co., supra. There is no other equitable remedy which the facts alleged in the bill will support.

The demurrer should have been, and is hereby sustained.

Reversed, rendered and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.