# Dargin *et al. v.* Hewlitt.

*Bill in Equity for an Accounting.*

1. *Bill for an accounting; sufficiency of averment.*—Where on a bill filed for an accounting, the complainant avers that the defendant as a part of the consideration for the sale of certain "Fair Grounds," contracted to give him a certain proportion of the proceeds from all privileges incident to the holding of fairs, races or other events of like character upon said grounds, and that the defendant had held a race meeting upon the grounds, the proceeds from the privileges incident to said meeting being large but unknown to complainant, that the defendant, after said meeting, had left the State and carried with him, and has in his possession, all the books and records showing what were the proceeds of said meeting, that complainant is without means of ascertaining what were the proceeds of the privileges, and the defendant has failed to account to him therefor, there is not shown any confusion or complication of accounts justifying a resort to equity for an accounting, and upon the averments of the bill the complainant has an adequate remedy at law by an action for money had and received.

[Dargin et al. v. Hewlitt.]

2. *Same; same; when bill not maintainable as a bill of discovery.*
Such a bill, though containing many interrogatories seeking to discover the facts and figures relating to the subject matter of the bill, is insufficient and can not be maintained as a bill of discovery; since, in order to maintain a bill of discovery, there must be averments that the facts inquired about are material, that their discovery by the defendant is indispensable, and that the complainant is unable to prove such facts by other testimony.

3. *Same; when corporation and its president necessary parties.*—Where on a bill filed for an accounting, the complainant avers that as a part of the consideration for the purchase of certain Fair Grounds, the purchaser contracted to give him a certain proportion of the proceeds from all privileges incident to holding fairs, races or other events of like character upon said grounds, and that after such purchaser had received the deed and took possession, he organized a corporation (he himself being the beneficial owner of all the stock) for the purpose of evading the contract with complainant, and to defraud him of his rights and interest thereunder, and there is then averred a breach of the contract and other facts upon which the relief prayed for is based, the corporation and its president are proper parties defendant to such a bill.

4. *Contract for future delivery of proceeds; validity thereof.*—Where as a part of the consideration for the purchase of ''Fair Grounds,'' the purchaser contracts to give to his vendor a certain proportion of the proceeds of all the privileges incident to the holding of fairs, races, and other events of like character upon said grounds, the property sold being improved and prepared and made specially adapted to the holding of fairs, races, &c., such a contract for the payment of the proceeds of all the privileges resulting from the holding of fairs, races, &c., in said fair grounds, is not invalid; the income to be derived from the prosecution of the business to be carried on in the fair grounds having, at the time of the making of the contract, a potential existence.

5. *Same; not void for indefiniteness, nor because immoral.*—Such a contract is not void by reason of indefiniteness, nor is such a contract immoral.

6. *Same; statute of frauds.*—Where as a part of a consideration in the purchase of fair grounds, the purchaser contracts to give to his vendor a certain proportion of all the proceeds arising from all the privileges incident to the holding of fairs, races or other events of like character upon said grounds, in a suit to enforce the payment to the vendor of the proceeds alleged to have arisen from the holding of a race meeting upon said grounds, the statute of frauds constitutes no defense; since, so far as the relief sought in said suit, the contract was executed.

7. *Equity pleading; averment of contract.*—Where a bill is filed seeking relief which is based upon a contract, it is sufficient to allege the contract according to its legal effect, without setting it out in the bill *in haec verba.*

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellee, Thomas G. Hewlitt, against the appellants, H. Hayden Dargin, the Alabama State Fair & Racing Association and Webb Crawford. The facts of the case and the purposes for which the bill was filed, are sufficiently shown in the opinion.

Each of the respondents demurred to the bill upon the following grounds: "1. Because the bill shows on its face the complainant has a plain and adequate remedy at law. 2. Because the bill shows on its face that it does not present a case for the interposition of a court of equity. 3. Because the bill shows on its face that complainant has no right to maintain this suit. 4. Because the bill fails to present such a case of entanglement or complication in the account kept by the defendant as would give the court jurisdiction. 5. Because said bill fails to show any mutuality in the account sought to be taken. 6. Because the bill shows on its face that if complainant is entitled to any moneys alleged to have been appropriated by the defendants, his remedy for recovery thereof is at law and not in equity. 7. Because said bill does not allege insolvency of respondent, H. Hayden Dargin. 8. Because said bill fails to show that the Alabama State Fair and Racing Association is a proper party defendant. 9. Because said bill fails to show that the respondent, W. W. Crawford, is a proper party defendant. 10. Because said bill fails to allege facts showing that any discovery is need, in this cause. 11. Because said bill fails to allege in clear and distinct terms any reason for the interposition of a court of equity to establish any claim the complainant may have against respondents. 12. Because said bill does not set forth facts showing that the answer of the defendant is essential for complainant to ascertain the true account between plaintiff and respondent, and that respondents are capable of making the discovery needed. 13. Because said bill shows on its face a misjoinder of parties defendant; neither the Alabama State Fair and Racing Association nor W. W. Crawford appearing to have any interest in the subject matter of the suit. 14. Because said bill shows on its face that the proceeds of the privileges named in the

[Dargin *et al*. v. Hewlitt.]

bill, had not, at the time of the alleged contract of sale, any existence, actual or potential, such as to make them a subject of sale. 15. Because said bill shows on its face that whatever contract was made was too vague and indefinite to be enforced. 16. Because said bill does not state whether the contract was oral or in writing, or where entered into, or for what time the contract was to run. 17. Because said bill shows on its face that the alleged contract was a contract for interest in land, and void under the statute of frauds. 18. Because said bill does not state where the contract was made, or the time when complainant was to receive one-third of the privileges named in the bill of complaint. 19. Because the complainant seeks to recover one-third of the gate fees, although it appears from the face of the bill that none of respondents ever obligated themselves to pay complainant any of such gate fees. 20. Because the complainant seeks to recover one-third of gate fees shown by the bill never to have been received. 21. Because the bill joins two separate and distinct causes of action—one for moneys had and received to and for the use of complainant; and the other for damages for improper management of the races in admitting spectators free of charge. 22. Because, in and by his bill of complaint, the complainant makes the contract therein named or referred to the basis of his suit, and yet does not set out such contract in express terms so that the court can judge of its legal effect. 23. Because complainant bases his suit upon a contract, and yet does not set out the same or a copy thereof in his bill of complaint. 24. Because the bill shows on its face that the contract sought to be enforced is immoral."

There was also a motion made by each of the respondents to dismiss the bill for the want of equity. This motion was overruled.

On the submission of the cause on the demurrers, the chancellor held that they were not well taken and rendered a decree overruling them. From this decree the respondents appeal, and assign the rendition thereof as error.

LANE & WHITE, for appellant.—1. The Alabama State Fair and Racing Association and W. W. Crawford, as president of said association, are improper par-

ties defendant.—*V. & A. M. & M. Co. v. Hale*, 93 Ala. 547 ; *Eastman v. Reid*, 101 Ala. 320 ; Story's Eq. Plead., §§ 323, 324, 325.

2. According to the averments of the bill the complainant had an adequate remedy at law. There is presented by such averments a case for money had and received, and there is no mutuality, and so far as the bill shows, no complication of accounts.—*V. & A. M. & M. Co. v. Hale*, 93 Ala. 542 ; *State v. Bradshaw*, 60 Ala. 239 ; 1 Story's Eq. Juris., § 458 ; *Sumter County v. Mitchell*, 85 Ala. 320 ; *Loucheim v. Bank*, 98 Ala. 524 ; *Life Ins. Co. v. Webb*, 54 Ala. 689.

3. The contract for the payment of the proceeds arising from the privileges incident to the holding of fairs, &c., is invalid.—*Goldsby v. Goldsby*, 67 Ala. 560 ; *Perry v. N. O., &c., R. R. Co.*, 55 Ala. 413 ; *Robinson v. Hirschfelder*, 59 Ala. 506 ; *S. & M. R. R. Co. v. Lancaster*, 62 Ala. 555.

ROBERT J. LOWE, *contra*, cited *Robinson v. Bullock*, 58 Ala. 622 ; *Boykin v. Bank of Mobile*, 72 Ala. 262 ; *Moore & Handley Hardware Co. v. Towers Hardware Co.*, 87 Ala. 206.

HEAD, J.—The appellee, Hewlitt, having acquired options of purchase of certain real property in Jefferson county known as the "Fair Grounds," containing about 80 acres, on or about April 1, 1895, contracted with appellant, Dargin, to sell said land to him at the price of $12,500 in cash, and for the further consideration that he, Hewlitt, should receive one-third of the proceeds of all privileges incident to the holding of fairs, races or other events of like character upon said grounds. About 75 acres of the land was inclosed by a fence, within which there were a race track and buildings especially adapted to the holding of races and fairs. At the time of sale, Hewlitt caused the property to be conveyed to Dargin by deeds of conveyance which were approved and accepted by him, and Dargin paid the stipulated cash consideration and entered into the possession and enjoyment of the premises.

On the 16th of January, 1896, Dargin caused a corporation to be organized by the name of The Alabama State Fair and Racing Association, under the general

laws of Alabama, with an authorized capital of $50,000, divided into five hundred shares of the per value of $100 each. Dargin subscribed for 498 of said shares, and respondents, Crawford and Fox, each subscribed for one share, and the entire subscription was paid by Dargin, by his conveyance of said property to the corporation, the deed bearing date April 1, 1896. The bill avers that Dargin is the real beneficial owner of all the stock, and that he induced Crawford and Fox to take a share solely for the purpose of enabling him to comply with the laws as to the organization of a corporation and procure a charter. It is also averred that Dargin did this in the hope, and for the sole purpose and design, to escape from, and evade, the agreement which he made with Hewlitt, and to defraud the latter of his rights and interests thereunder.

The bill avers that a race meeting was held on the grounds beginning March 16, 1896, and ending on the 28th of same month, during which time there were run each day five or six races; that said meeting was held ostensibly under the management of the said "Alabama State Fair and Racing Association," but that Dargin really managed and controlled the thing; that there was a large attendance of spectators, and that the receipts from the prices of admission to the grounds were large, but that orator has no means of knowing the actual amount; that Dargin caused a number of tickets to be distributed, and granted admission to many for the purpose of swelling the number of those who would bet with him, or at the books which he controlled, on the races there taking place; that the proceeds from the restaurant and bar-room privileges and from various other sources, unknown to orator, were very large; that Dargin left Alabama within a few days after the said race meeting, to-wit, about the first of April, 1896, and since that time has been, continuously, and is now absent from the State; and it is averred that he carried away with him and now has in his possession all of the books and records of the said association, and that orator does not know, and except by the aid of this court, is without the means of ascertaining, either the gross amount of the receipts of proceeds of the privileges, or the various items thereof; and Dargin and the said association have failed to account to orator, or pay to him the sum to which he is entitled.

[Dargin *et al.* v. Hewlitt.]

.The bill makes Dargin, the said association and said Crawford, who was president of the said association, parties defendant.

· The prayer is for an account to ascertain the amount due orator and for a decree therefor against Dargin and the Association. It is specially prayed that the defendants be charged with, and held to account for, all tickets of admission issued by them and upon which admittance to the grounds was granted, at the regular price of admission. An injunction against any disposition by Dargin of the capital stock of the association, or any of the shares thereof, owned by him, until the final determination of this cause, is also prayed for, to which is added the prayer for general relief.

The bill contains many interrogatories seeking to discover the facts and figures touching the subject-matter of the bill.

Each of the respondents filed a demurrer to the bill setting up numerous grounds. I am inclined to the opinion that upon the facts stated in the bill, the objection that complainant has an adequate remedy at law is not well taken; but my brothers, upon consultation, think otherwise. They hold that the bill shows no more than that Dargin received money legally belonging to complainant, which he failed to pay over, for which an action at law for money had and received would lie, without showing any confusion or complication of accounts justifying a resort to equity. The cases of *Westmoreland v. Foster*, 60 Ala. 448, and *Bellinger v. Lehman, Durr & Co.*, 103 Ala. 385, were cases in equity, where the complainants sought the recovery of funds which proceeded from property upon which they held liens, and were regarded in the same light as proceedings to establish and enforce liens upon the property itself. See full discussion and citation of authorities 1 Pom. Eq. Jur., § 178.

We all concur that the bill is deficient as a bill of discovery.—1 Brick. Dig., 714, §§1066—1068; *Guice v. Parker*, 46 Ala. 616.

If the bill shall be so amended as to meet the objections above pointed out, we think the objection that the "Alabama State Fair and Racing Association" and said Crawford are not proper parties defendant, is not well taken. The bill shows that this association and said

[Dargin *et al.* v. Hewlitt.]

Dargin are, essentially, for the purposes of this case, one and the same person. If the bill be true, the organization of the corporation by Dargin was a mere form, conceived by him for the purpose of introducing a new person or entity, as an owner of the property and of the business to be carried on, prompted by the misconception that such a scheme would absolve him from the obligations of his contract with the complainant. The corporation, however, by reason of its legal creation, being a distinct person, and being the legal owner of the property and business to be carried on for the use of Dargin, it was essential that it be brought before the court; and Crawford, being its president, was not improperly made a defendant.

Nor if the bill be properly amended, as indicated, do we think there is merit in the objection that the proceeds of the privileges named in the bill, had not, at the time of the alleged contract of sale, any existence, actual or potential, such as to make them a subject of sale. The bill fully shows that the property was improved and prepared for the purpose of, and made especially adapted to the holding of fairs, races, &c., thus showing a potential existence of the income to be derived from the prosecution of the business to be carried on.

We cannot pronounce the contract void for indefiniteness, as contended for by the demurrers; nor does the fact that the bill fails to show that the contract was in writing, or where entered into, or what time the contract was to run, render the bill demurrable. The defense that the contract was void, under the statute of frauds, because not in writing, if an available defense in the case, must be made by plea or answer. In view, however, of the relief sought here, the statute of frauds cannot arise. So far as relief is sought, the bill shows that the contract was an executed one and it is not material that no time was fixed for its termination. No effort is here made to enforce the executory agreement to carry on the business. The complainant merely seeks to recover that which has already been earned under the agreement.

Whether, by the contract, complainant is entitled to any part of the gate fees or not, the fact that he claims one-third thereof does not render the whole bill demurrable, there being other sources of income from the

[Wharton, Admr. v. Hannon.]

business which the contract does show he is entitled to share in. The demurrer, to raise the question, should have been addressed to only so much of the bill as seeks to recover gate fees. Nor does an improper claim of gate fees render the bill multifarious.

It was sufficient to set out the contract according to its legal effect without introducing it *in haec verba*.

The insolvency of Dargin *vel non* is not material.

We are unable to see anything immoral in a contract to pay a share of the proceeds of all privileges incident to the holding of fairs, races, or other events of like character.

For the reasons hereinabove stated, the demurrers ought to have been sustained, and the decretal order overruling them is reversed and the cause remanded, with directions to the city court to sustain the demurrers unless the bill is amended so as to make it sufficient.

Reversed and remanded.

