St. Francis Valley Lumber Company v. Orcutt.

Opinion delivered May 30, 1927.

1.  MASTER AND SERVANT—SALARY OF EMPLOYEE.—An employee, claiming that he was entitled to a percentage of the profits of a corporation, is not entitled to recover where the evidence fails to show that any profits had been made by the corporation during the period of his employment.

2.  MASTER AND SERVANT—EVIDENCE OF CONTRACT.—Where an employee, in a suit against the master for non-payment of a portion of his salary, claimed that his salary was to be the same as the salary of another employee, it was admissible to show the contract of employment of such co-employee.

3.  APPEAL AND ERROR—ERRORS NOT MENTIONED IN MOTION FOR NEW TRIAL.—Alleged errors of the trial court in admitting or rejecting testimony over objection will not be considered on appeal, where they were not mentioned in the motion for new trial.

4.  LIMITATION OF ACTIONS—ITEMS OF ACCOUNT.—Refusal to instruct that items of debit and credit in an account, incurred more than three years prior to suit, were barred, was error where the accounts were not mutual, open and current.

5.  LIMITATION OF ACTIONS—MUTUAL ACCOUNT.—A mutual account is such as shows that each of the parties has a claim against the other.

6.  TRIAL—QUESTION OF FACT FOR JURY.—Wherever there is a conflict of testimony on any question of fact, the question is for the jury.

Appeal from Clay Circuit Court, Eastern District; *W. W. Bandy*, Judge; reversed.

*Block & Kirsch* and *Arthur Sneed*, for appellant.

MEHAFFY, J.   The appellee, who was plaintiff below, brought suit in the Clay Circuit Court, alleging, among other things, that appellant, who was defendant below, was indebted to him in the sum of $4,080.30, for services as general manager and chief bookkeeper for said corporation; that in the month of September, 1919, he engaged his services to said defendants to take charge of their business at Piggott, Arkansas.   That he took charge and devoted his entire time thereto for five years and nine months at $250 per month.   That during that time he was paid certain sums from time to time, and that, after

making all deductions, left a balance of $4,080.30, for which amount he brought this suit. He filed with his complaint the following statement of account:

"Statement of account between F. J. Orcutt and St. Francis Valley Lumber Company and T. A. Foley.

"To service 5 yrs. 9 mos. $250 per mo.................$17,250.00

| | |
|---|---:|
| Cash Nov. 5, '19.................$ | 559.00 |
| Cash Dec. 31, '20................. | 1,000.99 |
| Cash June 30, '21................. | 1,046.67 |
| Cash Dec. 31, '21................. | 1,062.20 |
| Cash June 30, '20................. | 961.91 |
| Cash June 30, '22................. | 1,300.87 |
| Cash Dec. 31, '22................. | 1,281.59 |
| Cash June 30, '23................. | 1,393.77 |
| Cash Dec. 31, '23................. | 1,312.70 |
| Cash June 30, '24................. | 1,300.00 |
| Cash Dec. 31, '24................. | 1,300.00 |
| Cash Mar. 21, '25................. | 550.00 |

Total ...............................$13,169.70   $17,250.00

"Balance due F. J. Orcutt...............................$4,080.30

"State of Illinois, County of Edgar.

"I, ......................., sheriff of Edgar County, State of Illinois, do solemnly swear that I have this............day of September, 1925, duly served the within copy of complaint, with summons annexed thereto, on the within named defendant, T. A. Foley, by delivering a true copy thereof to such defendant on the............day of September, 1925, and that such service and delivery of said copy, with summons annexed, was made upon the defendant, T. A. Foley, in the city of Paris, County of Edgar, and State of Illinois.

"And I further swear that the defendant, T. A. Foley, is personally well known to me.

"......................................................

"Sheriff, Edgar County, Illinois."

"State of Illinois, County of Edgar.

"I, ........................, notary public within and for the county and State aforesaid, do hereby certify that personally appeared before me..................., sheriff of Edgar County, State of Illinois, the above-named affiant, whom I certify to be personally well known to me, to be worthy of credit, and made oath that the matters and things set forth in the foregoing affidavit are true."

The defendant filed answer and cross-complaint. The answer admitted the employment of plaintiff, but alleged that the salary was fixed at $100 a month, and he had been paid in full and overpaid, and asked for judgment against the plaintiff in the sum of $3,696.61.

The testimony of the plaintiff tended to show that he entered into an agreement with president of the defendant, but that nothing was said about his salary or compensation, that is, no amount was fixed, but that he came on down to Piggott and finally took charge, and that a brother of the president came down also and showed him a contract that he, the brother, had for $250 a month, and that he stated that plaintiff's salary would be the same. Plaintiff's testimony tended to show that the amount of his salary for the entire time was $17,250 and that he had been paid $13,169.70.

The testimony of both the president of the corporation and his brother contradicts the testimony of plaintiff, and tends to show that his salary was to be $100 a month and a percentage of the profits.

There are two reasons why it appears unnecessary to go into that feature of the case. First, that the $5,000 stock which plaintiff claimed he was to have the earnings from was never delivered to him, and he never paid anything on it. And second, that it seemed very doubtful if any profits at all were made during the period.

There are a number of questions raised by appellant, and one is that the court erred in permitting the plaintiff to testify as to the contract which the defendant had with Fred Foley, the brother of the president of the com-

pany.   Of course Fred Foley's contract would not be evidence in this case at all, but it seems that the only purpose of its introduction was to show the amount of salary of Fred Foley, and this was competent only on the theory that plaintiff testified that he was to have the same amount that Fred Foley was to have.   This letter could not be considered for any other purpose, but we think that portion of it was competent for this purpose. ' The plaintiff testified that he entered the employ of the defendant with the understanding and agreement that he was to have the same salary that Fred Foley was receiving, and it therefore became necessary to prove what that salary was.

There was some objection to other testimony, but it is unnecessary to discuss this, because the motion for a new trial does not mention any error of the court in admitting or rejecting testimony.

Appellant urges that the court erred in its refusal to give instruction number 4, which reads as follows:

"You are instructed that all items of debits or credits shown in the accounts of either of the parties, prior to September 3, 1922, are barred, and neither can recover against the other."

The court refused to give this instruction, and in this we think the court erred.   That instruction told the jury that any item in the account or any charge in the account made more than three years prior to the beginning of the suit was barred by the statute of limitations, and this would be true unless plaintiff had based his suit on a mutual open account current.

In the case of *McNeil* v. *Garland,* this court stated:

"But it is claimed by appellees that this was a mutual running account of such a nature as comes within the rule that items within three years draw after them other items beyond that period."

This we think is erroneous.   To constitute such an account there must be a mutual credit founded on a subsisting debt on the other side or an expressed or implied agreement for a set-off of mutual debts. Angell on Lim. 138,

and authorities there cited. A natural equity arises when there are mutual credits between the parties or when there is an understanding that mutual debts shall be a satisfaction or set-off *pro tanto* between the parties. The only thing upon which appellees can claim that their account was a mutual open account current was the fact of payment of $50 by the appellant. But it has been well settled that, when payments have been made by one party for which credits are given by the other, it is an account without reciprocity and only upon one side. *McNeil* v. *Garland,* 27 Ark. 343.

"Where the items in an account are all charged against the one party and in favor of the other, as herein, it is not a mutual account. It lacks the very essential to make it such—mutuality." *Fitzpatrick* v. *Henry, Admr.,* 16 N. W. 606, 58 Wis. 250.

"To constitute mutual accounts there must be mutual demands. Each party must have a demand or right of action against the other. The exception in the statute of limitations in favor of mutual accounts has no application when the demand is altogether on one side, although payments on account have been made." *McArthur* v. *McCoy,* 112 N. W. 155, 21 S. D. 314.

"On the other hand, mutual accounts arise where each party has rendered services or sold articles of property to the other with the expressed or implied understanding that their respective claims shall, upon settlement, be offset to the extent of the smaller claim. * * * The more usual definition of mutual accounts is a reciprocity of dealing, charges, and credits on both sides, each party having a cause of action against the other." *Lapham* v. *K. & T. Oil, Gas & Pipe Line Co.,* 123 Pac. 863, 87 Kan. 65, Ann. Cas. 1913D, 813.

"A charge on one side and mere payments on the other do not constitute a mutual account." *Peck* v. *N. Y. & Liverpool United States Mail S. S. Co.,* 18 N. Y. Sup. Ct. 226.

The authorities are practically unanimous, so far as we have been able to find, in holding that a mutual account

must be such as shows that each has a claim against the other. And where one performs services for another and payments are made from time to time, as was done in this case, there is no mutual account. There could be no recovery in this case for any charge made more than three years prior to the bringing of the suit. All charges made prior to that time are barred by the statute of limitations.

Since we hold that the court erred in refusing to give instruction No. 4 requested by the appellant, it necessarily follows that instructions given in conflict with No. 4 are erroneous and should not have been given. We deem it unnecessary to discuss the evidence or the other instructions.

It is also urged by the appellant that the plaintiff was estopped by his own conduct, and that therefore there ought to have been a verdict directed for the defendant. There is some conflict in the testimony on this question and some evidence tending to explain the reason, but this does not seem to be very fully developed, and wherever there is a conflict of testimony on any question of fact, it is proper to submit the question to the jury.

For the error in refusing to give instruction No. 4 the judgment is reversed, and the case is remanded for a new trial.