T. M. Dover Mercantile Company *v.* Myers.

Opinion delivered December 2, 1929.

*Alley & Olney,* for appellant.

McHANEY, J.   Appellant sued appellee on a mutual open account current for a balance of $1,020.71 and interest, beginning in November, 1922, and running through the years to November, 1927, with items of debit and credit in nearly every month during that time. There is little dispute about the correctness of the account, except appellee claims some items of credit not shown on the itemized statement. This case was submitted to the jury on an instruction from the court to the effect that, since appellee had pleaded the statute of limitations, they could not find for appellant for any of the items on the account which were purchased more than three years before the filing of the suit.   This instruction was given over appellant's objections and exceptions.   There was a verdict and judgment for $63.05 in appellant's favor.

We think the court was clearly in error in giving the above-mentioned instruction limiting the recovery to sales within three years prior to suit.   The evidence, as well as the account, shows that appellant sold appellee sundry merchandise from its store, and that appellee sold appellant various articles of farm products, ties, gravel, etc., and paid appellant various sums in cash from time to time during the entire period.   This constituted mutual accounts, mutual demands.   See *St. Francis Valley Lbr. Co.* v. *Orcutt,* 174 Ark. 282, 295 S. W. 713.   Our statute, § 6964, fixing a limitation on "mutual account," provides: "In actions of debt, account or assumpsit, brought to recover any balance due upon a mutual open account current, the cause of action shall be deemed to have accrued from the time of the last item proved in such account."

Therefore appellant was not limited to a recovery for items sold within three years prior to suit, but is entitled to recover any balance found to be due after allowing all just credits due the appellee.

Reversed, and remanded for a new trial.