11 So.2d 356

## PATE v. BRUNER.

### 3 Div. 384.

Supreme Court of Alabama.

Jan. 7, 1943.

Rehearing Denied Jan. 28, 1943.

Howell P. Rogers, of Greenville, and Jos. R. Bell, of Hayneville, for appellant.

D. M. Powell and Powell & Hamilton, all of Greenville, for appellee.

BROWN, Justice.

The bill was filed December 1, 1941, by the appellee, one of three joint owners or tenants in common of the lands described in the bill and designated generally as "the Bruner Lands", against the appellant Pate, not one of the joint owners, and seeks to recover damages in the form of a money decree, alleged to have accrued from the cutting by Pate of timber on said land and the conversion thereof to his use, to the damage of the complainant.

The original bill avers that, "During the years 1939 and 1940 the said C. A. Pate and his agent, servants and employees went on and upon said Bruner land and from time to time during said years cut and converted into lumber large quantities of the timber located and growing upon said lands. The quantity of timber so cut and converted into lumber was approximately 705,000 feet board measure. After said timber was sawn [sawed] into lumber the said C. A. Pate removed or caused the same to be removed from said Bruner land and converted the same to his own use, selling and disposing of the same for his own benefit.

"The foregoing averments as to entering upon said Bruner lands, cutting, converting into lumber, removing the same and disposing of the same are made upon information and belief. * * *."

While complainant has general information that the said C. A. Pate committed the trespass, wrongs and injuries herein complained of during the years 1939 and 1940, he has no actual and accurate knowledge as to when they were committed. He has no accurate knowledge or information as to the number of trees cut or the quality of lumber into which they were converted and sawn [sawed], nor does he have knowledge or information as to the price the said C. A. Pate received for the lumber sawn [sawed] from the timber when sold by him in its finished condition. Complainant is without accurate knowledge of the quantity of timber cut, the character of the lumber into which it was sawn [sawed] and converted and the number of feet in said lumber, the quantity and character of the lumber and value and price of the same received by him. "Such information is peculiarly within the knowledge of the said C. A. Pate." [Brackets supplied.]

In aggravation of the damages claimed, the original bill alleges that the tortious taking and conversion of the timber was without complainant's knowledge or consent, and "were willful and intentional on the part of the said C. A. Pate." The bill prays for complete discovery as to the elements of the complainant's cause of action and the amount of the damages.

The defendant demurred to the original bill on grounds that, "There is no equity in the said Bill of Complaint. That said Bill shows on its face that the Complainant has a complete and adequate remedy at law. That said Bill in its broadest aspect, is no more or less than a complaint against the respondents for trespass in cutting timber of the Complainant, and the conversion thereof by the respondents, remedy for which is adequately provided in a Court of law. For that said Bill of Complaint, in any aspect, fails to aver that Complainant is unable, by reasonable enquiry and diligence, to ascertain all of the facts which, by the terms of the bill, he seeks to discover."

This demurrer was overruled, and thereafter the complainant amended the bill by adding paragraph six thereto alleging, to state the substance of the amendment, that the timber was cut and manufactured into lumber and removed from the land as alleged in the original bill, but complainant is informed and from said information avers, that the defendant Pate claims that he cut the timber, manufactured it into lumber and removed or caused the same to be removed and sold under an agreement between Pate and C. C. Bruner, who at the time was joint-owner with complainant and T. M. Bruner, without complainant's knowledge, but who had no authority to dispose of the interests of complainant and T. M. Bruner.

The demurrer was refiled to the bill as amended, and was overruled, hence this appeal.

■■ The original bill with the amendment amalgamated is a single pleading upon which the complainant's case must stand or fall. Hawkins et al. v. Tanner, Ala.Sup., 11 So.2d 351. And on demurrer its allegations will be construed most strongly against the pleader. Its sole purpose is to recover a money decree for the conversion of chattels,—timber and lumber. This is its only aspect, and the discovery prayed is a mere incident to support that aspect.

■ The complainant's right is predicated upon a common law tort, for which, ordinarily, an action at law affords a complete and adequate remedy, and on the trial of which the defendant is entitled to a trial of the issues by jury. Lufkin et al. v. Daves, 220 Ala. 443, 125 So. 811; Montgomery & Florida Railway Co. v. McKenzie, 85 Ala. 546, 5 So. 322.

■ "It is the settled law in this state that, where there has been a conversion of personalty owned by several tenants in common, they may sue jointly or severally for its conversion, or may waive the tort and sue one who has wrongfully converted into money as for money had and received." 220 Ala. 444, 125 So. 812.

■ Cases in which the moving party seeks to recover damages arising from breach of contract or the commission of a tort, not associated or connected with an independent equity, courts of equity will not intervene, but will leave him to his remedy at law. 1 Pom. Eq. Juris., 4th Ed. 229, § 178; Russell v. Little, 28 Ala. 160; Dargin et al. v. Hewlitt, 115 Ala. 510, 22 So. 128; Hunt v. Jones, 203 Ala. 541, 84 So. 718; City of Tuscaloosa v. Williams, 229 Ala. 542, 158 So. 753; 8 Alabama Digest, Equity, p. 426, ☞43.

■ The facts alleged in the bill do not bring the complainant's case within the class wherein confidential relations exist between the parties, from which a duty arises for an accounting inter sese, such as was involved in the cases of Love et al. v. Sims-Morgan Lumber Co., 229 Ala. 499, 158 So. 180; Salter et al. v. Odom et al., 240 Ala. 462, 199 So. 687; Marx v. Marx, 226 Ala. 684, 148 So. 418, and King v. Livingston Mfg. Co. et al., 180 Ala. 118, 60 So. 143, cited and relied on with others by appellee.

■ Nor do the allegations of the bill bring the complainant's case within the rule that equity will lend its aid in support of a complainant's common law right of action where he has used due diligence and exhausted all reasonable effort to procure evidence in support thereof, and has failed, because the essential and material facts are within the exclusive keeping of the defendant and can be proved in no other way

except "by the defendant's answer." Sullivan v. Lawler, 72 Ala. 74; Dargin et al. v. Hewlitt, 115 Ala. 510, 22 So. 128; Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893; Hitt Lumber Co. et al. v. Cullman Property Co., 189 Ala. 13, 66 So. 720.

It is not enough that complainant "has no actual and accurate knowledge" as to the facts upon which his right of action depends. Dorrough et al. v. Mt. Pleasant Fertilizer Co., 210 Ala. 530, 98 So. 735. It appears from the averments of the bill that persons other than the defendant participated in the alleged conversion, among others one joint owner and cotenant, who is not made a party to this bill.

The defendant's demurrer to the bill as amended, as well as the demurrer to the original bill, was well taken, and the court erred in overruling said demurrers.

Reversed and remanded.

All the Justices concur.