37 So.2d 497

**Ex parte ADAMS CONST. CO.**

**6 Div. 757.**

Supreme Court of Alabama.
Nov. 18, 1948.

Wm. S. Pritchard, Victor H. Smith, and Pritchard & McCall, all of Birmingham, for petitioner.

348

Howze & Brown, of Birmingham, for respondent.

FOSTER, Justice.

The question here is whether there was error in sustaining demurrer to a petition by defendant to remove a cause to equity under Title 13, section 153, Code.

The suit was by Adams & Holmes, partners, against Adams Construction Company, a corporation, on the common counts, (A) for money had and received, and (B) on account.

We glean from the motion to transfer the following facts, which are material and thought to justify the motion to remove. In 1947 plaintiff Adams was a director and vice-president of defendant corporation, and was superintendent in charge of its construction work, and was also a partner with Holmes engaged in the same kind of work. Holmes was not alleged to be interested in the corporation. On August 21, 1947, on stationery of the Adams Construction Company, a bid was submitted to George Cahill Company for the construction of a sidewalk in connection with the Arlington Apartment for $2,558, signed Adams Construction Company by C. E. Adams. Adams claimed that this was done for Adams & Holmes as partners, who performed the contract, but the money may have been paid Adams Construction Company, for which the suit was brought. The partnership was engaged in work of the same sort as the corporation, and in competition with it, using similar material and equipment, alleged to be in violation of the duty of Adams to defendant. That Adams has removed from defendant's office reports of work done by defendant and the accounts of its employees and operations of defendant, which are necessary to the preparation of its defense, and has been unable to obtain them. That an accounting in equity is necessary and also a discovery of such matters.

By amendment on information and belief, it is alleged that at numerous times and occasions large numbers of men who were employed by defendant and paid by it or for it, were transported to such places where and performed work in connection with contract work being done by plaintiff as a partnership, and that the wages or hire of and for said men so transported while performing such work for plaintiff were paid by defendant or for its account, for which defendant has not been reimbursed; and plaintiff, without paying defendant for the hire or use of it, used machinery and equipment belonging to defendant in performing their contracts, and large amounts of material belonging to defendant, and plaintiff has not paid or accounted to defendant for such materials.

The trial court sustained demurrer to the motion as first filed, and then to the motion as amended, and continued the cause for settling the pleadings.

In order to require a judge at law to transfer a cause to equity under authority of Title 13, section 153, Code, the motion must not only withstand such test as if it were an original bill seeking equity (Ex parte Griffin, 243 Ala. 672, 11 So.2d 738; Ex parte R. A. Brown & Co., 240 Ala. 157, 198 So. 138), but two other conditions must appear as required by the statute: (1) The equitable right or defense must be sufficient to dispose of the cause; and (2) it cannot have that effect on the law side of the court.

As we understand the contention of plaintiff, as shown by the motion to transfer, it is that plaintiff performed a contract entered into in the name of defendant by Adams, who was a partner in plaintiff's business and vice-president, and superintendent and a director of defendant, but

that it was intended by Adams to be for plaintiff as a partnership, and was performed by plaintiff, but the contract price was paid to defendant. There were probably other stockholders in defendant corporation. Plaintiff is suing for this sum so paid defendant.

In the motion as first filed, the equity seems to be claimed on two principles, (1) an accounting and discovery, and (2) an equitable set-off.

The accounting sought is that said Adams and the partnership should account to defendant for profits made by him and by the partnership, of which he was a member.

 Equity will not take jurisdiction for an accounting on a legal claim, unless the accounts are mutual or so complicated and difficult to adjust that relief at law is not adequate or fiduciary relations exist between the parties. Doss v. Williams, 249 Ala. 565, 32 So.2d 221; Electrolux Corporation v. Iverson, 250 Ala. 24, 32 So.2d 891.

The motion may sufficiently show confidential relations under this principle to justify an accounting against Adams, if defendant were allowed an accounting with him personally in this proceeding.

But in an action on a partnership demand by the partners or their assignee, a debt due the defendant from one of the partners is not available as a setoff. Cannon v Lindsey, 85 Ala. 198, 3 So. 676, 7 Am.St.Rep. 38. And this situation does not call for an exercise of equity jurisdiction. Watts v. Sayre, 76 Ala. 397.

The effort here to give equity jurisdiction would not be aided by the fact that defendant might have an equitable claim against one of the partners as for an equitable right to an accounting against him. A counterclaim is not available as a setoff, whether it is equitable or legal, if it is against one of the plaintiff partners, both suing defendant at law and the other has not assented to the setoff.

As for a discovery the rule is that when a suit is pending at law, a court of equity will not intervene to grant discovery when such relief would be obtainable by the statutory system devised for that purpose.

Title 7, section 477, Code; Metcalf v. Clemmons-Powers & Co., 200 Ala. 243, 76 So. 9.

The case of Ex parte R. A. Brown & Co., 240 Ala. 157, 198 So. 138, cited by movant, was dealing with a well defined equitable right not available at law.

So that the motion as originally made does not show an equitable right or defense which should dispose of the cause, and which cannot be disposed of on the law side.

The amendment to the motion adds matter available at law as a setoff against plaintiffs as partners. There is no right to an equitable accounting asserted against both plaintiffs within the principles we have declared, and which we have often restated, as noted above. And, as we have said, the relief of discovery is as available under the statute as in equity. Title 7, section 477, Code.

There was no error in sustaining demurrer to the motion as originally filed and as amended.

Writ of mandamus is denied.

LAWSON, SIMPSON, and STAKELY, JJ., concur.