COVINGTON, ADMINISTRATOR *v.* COVINGTON.

4-9083                                226 S. W. 2d 557

Opinion delivered February 6, 1950.

550

*J. B. Milham,* for appellant.

*John L. Hughes* and *O. Wendell Hall, Jr.,* for appellee.

DUNAWAY, J. This appeal comes from a judgment of the Saline Probate Court allowing a claim of appellee, J. W. Covington, against the estate of his deceased brother, C. H. Covington, Sr., who died early in 1947.

The claim, filed in due time but disallowed by the administrator, was for a total of $283.33 which sum represented the balance due by decedent on what was an alleged running account with appellee beginning May 25, 1929. The administrator denied the account as to all items claimed since April 17, 1943, and pleaded the Statute of Limitations as a bar to recovery of any items prior to that date. Since 1943, the only items claimed by appellee were as follows:

| 1946 | | Debit | Credit |
|---|---|---|---|
| February 8—½ bu. corn (chickens) | | $0.75 | |
| April 2—5 gals. water McClenden Springs | | .50 | |
| April 12—3 gals. water McClenden Springs | | .30 | |
| May 6—2 gals. water McClenden Springs | | .20 | |
| August 26—By hay wire by C. S. Covington | | | $1.28 |

In order to avoid the bar of the Statute of Limitations it was necessary for the appellee to prove the existence of a mutual open account current between himself and the deceased. Proof of such an account

would make the period of limitation for the whole account begin at the time of the last item proved. *Dover Mercantile Co.* v. *Myers*, 180 Ark. 576, 21 S. W. 2d 972.

The proof as to the account was this: Appellee introduced, over objections of appellant, an account book showing items of debit and credit extending over a period commencing May 25, 1929, and ending with the items above listed in the year 1946. Over appellant's objections, appellee testified that the item of $1.28 on September 26, 1946, was a credit allowed decedent for some baling wire obtained by appellee; that the last settlement between the brothers was in the fall of 1928 and that the account was correct. Appellee's son testified that on August 16, 1946, he was visiting at home and went to his uncle's house to get some baling wire. This witness further testified that *he* knew his father kept an account of frequent transactions with his uncle, and that the $1.28 credit item was for the baling wire. Appellee's daughter testified that her father kept a record of his transactions with her uncle. Two other witnesses testified as to financial transactions between the two brothers, and identified checks of the Covingtons dated at various times in the 1930's. It will be noted that the only testimony as to the actual account claimed and the items therein was that of the claimant himself.

Appellant's contention is that appellee's testimony was incompetent as violative of the Dead Man's Statute (Const. Sched. § 2, 1 Ark. Stats. p. 187) which reads: "In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party. Provided, further, that this section may be amended or repealed by the General Assembly." In a similar situation we held such testimony incompetent in *Johnson, Adm.* v. *Murphy*, 204 Ark. 980, 166 S. W. 2d 9. It was further held in the *Johnson* case that the

mere fact that payments have been entered on an account book and appear as credits is insufficient, standing alone, to prove that payments were in fact made by the deceased to a claimant against his estate.

Appellee argues that his account book, together with the testimony of witnesses other than himself, is sufficient to sustain the allowance of his claim as being one based on a mutual account. He contends that the account book was properly introduced even though his testimony in identifying and explaining it is held incompetent, under the provisions of Act 293 of the Acts of 1949. The title of that act is "An Act to Provide for the Introduction in Evidence in the Courts of this State of Records Made in the Regular Course of Business and for Other Purposes." It is unnecessary to decide whether the type of account book here sought to be introduced (a single 154-page ledger showing scattered accounts of individuals over a period of twenty years) was within the terms of this Act relating to records "made in regular course of any business." We have concluded that, conceding the admissibility of the account book, there is not sufficient competent evidence under the ruling of the *Johnson* case to sustain the judgment of the probate court. Proof that the deceased and his brother had numerous business transactions over a twenty-year period; and that the claimant's children knew he kept some kind of an account is no proof of a mutual account. A mutual account was defined in *St. Francis Valley Lbr. Co. v. Orcutt,* 174 Ark. 282, 295 S. W. 713, where we said at page 286: "On the other hand, mutual accounts arise where each party has rendered services or sold articles of property to the other with the expressed or implied understanding that their respective claims shall, upon settlement, be offset to the extent of the smaller claim. * * * The more usual definition of mutual accounts is a reciprocity of dealing, charges, and credits on both sides, each party having a cause of action against the other." Certainly the only additional proof in the case, the mere fact that the deceased let his nephew take some baling wire from his barn, without any showing that this was done by him

as payment on a debt due appellee, adds nothing to the bare record of appellee's account book as showing a mutual account.

It follows that the plea of limitations should have been sustained. The judgment is, therefore, reversed and the cause dismissed.