117 So.2d 192

**Wallace WOOTEN**

**v.**

**Ernest WOOTEN.**

**7 Div. 456.**

Supreme Court of Alabama.

Oct. 8, 1959.

Rehearing Denied Jan. 21, 1960.

Loma B. Beaty, Fort Payne, for appellant.

W. M. Beck, Fort Payne, for appellee.

SIMPSON, Justice.

Bill, as amended, for accounting and discovery brought by appellant against appellee. (The pertinent allegations will appear in the report of the case.) The trial court sustained the demurrer to the bill and bill as amended and the complainant brings this appeal.

The bill and its amendments show that a purely legal claim is sought to be enforced in this equity suit. But before complainant is entitled to an accounting or discovery, certain facts must appear.

With respect to accounting:

"Equity will not take jurisdiction for an accounting on a legal claim, unless the accounts are mutual or so complicated and difficult to adjust that relief at law is not adequate or fiduciary relations exist between the parties. Doss v. Williams, 249 Ala. 565, 32 So.2d 221; Electrolux Corporation v. Iverson, 250 Ala. 24, 32 So.2d 891." Ex parte Adams Construction Co., 251 Ala. 347, 349(2), 37 So.2d 497, 498.

See also Segrest v. Brown, 263 Ala. 342, 82 So.2d 432. Though mutual accounts are alleged by way of conclusion, the bill fails to show a status of mutual accounts existing between the complainant and respondent, nor are any facts alleged to show that the accounts are so complicated and difficult to adjust that a law court could not easily ascertain and settle the accounts, nor are any fiduciary relations shown to exist between the parties. Therefore, the appellant was not entitled to an accounting in equity.

As regards discovery, there are various statements of the principle. One is, complainant must aver and prove not only the materiality of the matter of which he would have discovery, but also that it is indispensable to establishment of his cause or defense and that he is unable otherwise to make this proof. Metcalf v. Clemmons-Powers & Co., 200 Ala. 243(3), 76 So. 9.

Another statement of the principle is found in Callahan v. Auburn Production Credit Ass'n, epitomized in the first headnote, to wit:

"The equity of a bill could not be sustained on ground that it sought discovery, in absence of averments showing confidential relations between complainant and defendant, or that facts essential to support of complainant's claim were peculiarly within defendant's knowledge." 240 Ala. 104, 197 So. 347, 129 A.L.R. 893.

See also Employers Insurance Co. of Alabama v. Rhodes, 240 Ala. 226, 198 So. 616.

The facts alleged in the bill do not bring the complainant's case within the rule that equity will lend its aid in support of complainant's purely legal claim. It clearly appears that special relief by way of discovery would be obtainable by the statutory system at law devised for that purpose. Ex parte Adams Construction Co., supra; Pate v. Bruner, 243 Ala. 648, 11 So.2d 356. Nor are any of the other special allegations made to bring the case within the equitable principles of discovery.

**194**

We entertain the view, therefore, that the trial court ruled correctly in sustaining the demurrer.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.

On Rehearing

SIMPSON, Justice.

Appellant argues on rehearing that the bill has equity as one to enforce a lien on farm machinery, based upon Code, Tit. 31, § 15, creating such lien, and Tit. 33, § 1, which provides for enforcement of liens in equity. But there are no allegations sufficient to show the existence of the lien. Whether it exists or not would depend upon facts developed on a discovery. If the bill has no equity as one for a discovery in general, it would have no equity as one for discovery to establish a lien.

Application for rehearing overruled.

LAWSON, GOODWYN and MERRILL, JJ., concur.