161 So.2d 475

KIRKSEY MOTORS, INC.

v.

GENERAL ACCEPTANCE CORPORATION.

6 Div. 946.

Supreme Court of Alabama.

Feb. 20, 1964.

That complainant had no actual and accurate knowledge as to facts upon which his right of action depended was not suffi-cient basis for discovery.

————◇————

Shores & Morris, Birmingham, for appellant.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellee.

HARWOOD, Justice.

Appellant, complainant below, filed its bill for an accounting and discovery against the appellee. The appellee's demurrer to the bill was sustained, the appellant being allowed twenty days in which to amend its bill. Thereafter, the appellant, in accord-

ance with Section 755, Title 7, Code of Alabama 1940, as amended, moved to dismiss its bill without prejudice, and with leave to appeal. This motion was granted.

Those portions of the bill pertinent to this appeal aver:

"III. On, to-wit, February 20, 1958, Complainant and Respondent entered into an agreement whereby Complainant agreed to procure business for Respondent by having its customers make loans with Respondent to finance the purchase of automobiles and trucks in consideration for the agreement of the Respondent to pay to Complainant a sum of money on each individual loan contract entered into by Respondent with customers of Complainant, which sum of money is and was referred to by Complainant and Respondent as a reserve. From the date of said agreement Respondent did enter into such contracts with Complainant's customers and did from time to time make payments of said reserve to Complainant.

"On numerous occasions Respondent withheld from the amount of the reserve payment due Complainant a lesser sum of money otherwise referred to as holdback, which holdback was to be applied by Respondent to any loss which Respondent might incur on the individual contract, provided such a loss was incurred. It was agreed by and between the Complainant and Respondent that such holdbacks would be paid by Respondent to Complainant upon receipt by Respondent of the final payment due it on each individual contract and provided no loss had been incurred by Respondent on such individual contract.

"IV. In 1959, Respondent did present to Complainant a statement of the account between the parties reflecting that as of March 27, 1959, Respondent had in its possession holdbacks from individual contracts totaling $3,-519.87, which amount was to be paid to Complainant as aforesaid. On, to-wit, October 31, 1959, Respondent did pay to Complainant such holdbacks totaling $1,144.84.

"V. After March 27, 1959, and October 31, 1959, while the aforesaid agreement was in full force and effect, other loan contracts were made with Respondent by Complainant's customers. Some of these later contracts, as well as other contracts executed prior to said dates, have since been paid in full to Respondent. Despite frequent demands made by Complainant upon Respondent, Respondent has refused and continues to refuse to provide Complainant with a statement of the condition of the account between them.

"VI. Complainant avers that it has no adequate remedy at law to recover of Respondent the amount of holdbacks due Complainant; that Complainant is without knowledge as to what loss, if any, Respondent has incurred on each individual contract made with Respondent by Complainant's customers; and that the account between Complainant and Respondent is complicated, involving many individual contracts, information concerning the condition of which is known only to Respondent."

■ The bill discloses a legal claim sought to be enforced in this equity suit. Before equity will assume jurisdiction of such a claim, the bill must show that the accounts are mutual, or so difficult and complicated to adjust that relief at law is inadequate, or that a fiduciary relationship exists between the parties.

The bill does not allege mutual accounts, nor do the facts averred disclose mutual accounts.

■ Mutual accounts exist where there is reciprocity of dealing between the par-

ties, and do not include accounts where the items are all on one side, Todd v. Todd, 15 Ala. 743; there must be debits and credits on both sides. Wilson v. Calvert, 18 Ala. 274. Each party must have a cause of action against the other, Covington v. Covington, 216 Ark. 549, 226 S.W.2d 557; Gresty v. Briggs, 127 Kan. 151, 272 P. 178, and where an account is all on one side, it does not have the character of a mutual account. Weadon v. First National Bank and Trust Co., 129 Conn. 541, 29 A.2d 779.

While the bill avers that the appellee could hold back from the "reserve" amount due appellant any loss incurred by appellee on an individual contract, this was but a method of determining the ultimate amount, if any, owed by appellee to the appellant. Reciprocity was lacking in that if appellant failed to send any customers to the appellee, the appellee would be without grounds for any legal action. The element of mutuality is lacking insofar as shown by the averments of the bill.

Clearly no fiduciary relationship between appellant and appellee is averred in the bill. The bill merely sought the collection of a debt allegedly owed by appellee to the appellant.

To invoke equity jurisdiction for an accounting, a general averment of complication of accounts is insufficient. Beggs v. Edison Electric Illuminating Co., 96 Ala. 295, 11 So. 381. An account is not complicated merely because it involves a large number of items. Segrest v. Brown, 263 Ala. 342, 82 So.2d 432.

There is no sufficient averment in the bill showing such a complication of the accounts as to render inadequate a legal remedy. This is requisite to the maintenance of the bill in its accounting aspect. Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806.

In the discovery aspect the bill avers that "Complainant is without knowledge as to what loss, if any, Respondent has incurred," and that "information concerning the condition of which is known only to Respondent."

It is not enough that complainant has no actual and accurate knowledge as to the facts upon which his right of action depends. Pate v. Bruner, 243 Ala. 648, 11 So.2d 356.

Under the facts alleged in the bill it clearly appears that the special relief sought by way of discovery would be equally obtainable under the liberal provisions of Sections 474(1) to 474(17), Title 7, Code of Alabama 1940, in aid of any legal action brought by appellant. Ex parte Adams Construction Co., 251 Ala. 347, 37 So.2d 497.

The judgment of the lower court was correct and is hereby ordered to be affirmed. Wooten v. Wooten, 270 Ala. 191, 117 So.2d 192.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.